38846

UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COALITION TO DEFEND AFFIRMATIVE ACTION, INTEGRATION AND
IMMIGRANT RIGHTS AND FIGHT FOR EQUALITY BY ANY MEANS
NECESSARY (BAMN), UNITED FOR EQUALITY AND AFFIRMATIVE
ACTION LEGAL DEFENSE FUND, RAINBOW PUSH COALITION, CALVIN
JEVON COCHRAN, LASHELLE BENJAMIN, BEAUTIE MITCHELL,
DENESHEA RICHEY, STASIA BROWN, MICHAEL GIBSON, CHRISTOPHER
SUTTON, LAQUAY JOHNSON, TURQOISE WISE-KING, BRANDON
FLANNIGAN, JOSIE HYMAN, ISSAMAR CAMACHO, KAHLEIF HENRY,
SHANAE TATUM, MARICRUZ LOPEZ, ALEJANDRA CRUZ, ADARENE
HOAG, CANDICE YOUNG, TRISTAN TAYLOR, WILLIAMS FRAZIER,
JERELL ERVES, MATTHEW GRIFFITH, LACRISSA BEVERLY, D'SHAWN
FEATHERSTONE, DANIELLE NELSON, JULIUS CARTER, KEVIN SMITH,
KYLE SMITH, PARIS BUTLER, TOUISSANT KING, AIANA SCOTT, ALLEN
VONOU, RANDIAH GREEN, BRITTANY JONES, COURTNEY DRAKE,
DANTE DIXON, JOSEPH HENRY REED, AFSCME LOCAL 207, AFSCME
LOCAL 214, AFSCME LOCAL 312, AFSCME LOCAL 836,  AFSCME LOCAL
1642, AFSCME LOCAL 2920, and the DEFEND AFFIRMATIVE ACTION
PARTY

Case No.

Hon.

  Plaintiffs,

       -vs-

JENNIFER GRANHOLM, in her official capacity as Governor of the State of
Michigan, and the REGENTS OF THE UNIVERSITY OF MICHIGAN, the BOARD
OF TRUSTEES OF MICHIGAN STATE UNIVERSITY, the BOARD OF
GOVERNORS OF WAYNE STATE UNIVERSITY, and the TRUSTEES OF any other
public college or university, community college, or school district,

  Defendants.

_____/

GEORGE B. WASHINGTON (P-26201)
SHANTA DRIVER (P-65007)
SCHEFF & WASHINGTON, P.C.
Attorney for Plaintiffs
645 Griswold—Ste 1817
Detroit, MI   48226
(313) 963-1921

Case: 2:06-cv-15024
Assigned To: Lawson, David M
Referral Judge: Whalen, R. Steven
Filed: 11-08-2006 At 04:18 PM
CMP COALITION TO DEFEND, ET AL V. G
RANHOLM, ET AL (TAM)

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Pursuant to the Federal Rules of Civil Procedure, the plaintiffs, by and through their attorneys, Scheff & Washington, P.C., state as follows:

## INTRODUCTION

1.      The plaintiffs BAMN, et al. assert that Proposal 2, which was placed on the ballot of the State of Michigan by racially-targeted voter fraud, and which was adopted by Michigan voters on November 7, 2006, violates the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and is preempted by Titles VI and VII of the Civil Rights Act of 1964 and Title IX of the Educational Amendments of 1972.  As there is no state's rights exception for federal anti-discrimination laws, the plaintiffs ask for declaratory and injunctive relief against the implementation of Proposal 2. (42 USC 1983)

2.      In the absence of affirmative action, state actors will be prohibited from utilizing the only effective policies ever devised to desegregate universities, employment, and public contracting. No state Constitution can prohibit its state bodies from fulfuilling the federal mandate to desegregate.

3.      In the absence of affirmative action, college admissions, state hiring and contracting will be conducted on a discriminatory basis. The irreparable harm to women and minorities in the absence of affirmative action has been clearly established in California.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this matter pursuant to 28 USC 1331 and 28 USC 1343(3).

5.      The United States District Court for the Eastern District of Michigan is a proper venue for this action as a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of Michigan.

## PARTIES

6.      The plaintiff BAMN is a voluntary association organized for the purpose of building a new civil rights movement and opposing attacks upon affirmative action.

7.      The plaintiff United for Equality and Affirmative Action Legal Defense Fund is a non-profit legal defense and education fund established by BAMN to conduct the legal defense of our nation's civil rights.

8.      The plaintiff Rainbow PUSH Coalition is a voluntary association organized for the purpose of promoting education and participation in American democracy and civil rights.

9.      The plaintiffs Calvin Jevon Cochran, Lashelle Benjamin, Beautie Mitchell, Deneshea Richey, Stasia Brown, Michael Gibson, Christopher Sutton, Laquay Johnson, Turqoise Wise-King, Brandon Flannigan, Kahleif Henry, Shanae Tatum, Kevin Smith, Kyle Smith, Paris Butler, Touissant King, Aiana Scott, Allen Vonou, Randiah Green, Brittany Jones, Courtney Drake, Matthew Griffith, Lacrissa Beverly, D'shawn Featherstone, Danielle Nelson, Julius Carter, Williams Frazier, and Dante Dixon are black high school students in Michigan who plan to attend college, and to work and live in Michigan in the future.

10.      The plaintiffs Josie Hyman, Alejandra Cruz, Adarne Hoag, Candice Young, Tristan Taylor, Jerell Erves, are black, Latino/a and white college students and graduates who plan to attend graduate school, and to work and live in Michigan in the future

11.     The plaintiff Joseph Henry Reed was a petition circulator for the Michigan Civil Rights Initiative (now Proposal 2).

12.     The plaintiffs AFSCME Local 207, AFSCME Local 214, AFSCME Local 312, AFSCME Local 836, AFSCME Local 1642, AFSCME Local 2920, are labor organizations with large memberships who stand to suffer discrimination in the absence of affirmative action.

13.     The plaintiff Defend Affirmative Action Party is a voluntary student political organization on the University of Michigan student government.

14.     The plaintiff Maricruz Lopez is a Latina student at the University of Michigan and the chair of the Defend Affirmative Action Party.

15.     The plaintiff Issamar Camacho is a Latina high school student from Los Angeles California who intends to apply for college in Michigan.

16.     The defendant Jennifer Granholm is the Governor of Michigan and is sued in her official capacity.

17.     The defendant Regents of the University of Michigan is the duly elected governing board of the University of Michigan.

18.     The defendant Board of Trustees of Michigan State University is the duly elected governing board of Michigan State University.

19.     The defendant Board of Governors of Wayne State University, is the duly elected governing board of Wayne State University.

**STATEMENT OF FACTS**

4

20.     In 1866, Congress passed the Civil Rights Act of 1866, which banned all racial discrimination in the form of contract entered into by persons or institutions in the United States.

21.     1964, the Congress of the United States passed the Civil Rights Act of 1964, mandating that all employers and educational institutions in the United States eliminate all polices that had the intent or the effect of discriminating against persons on account of their race, color, national origin or gender.

22.     In 1972, Congress amended the Civil Rights Act to make it applicable to all state and local governments.

23.     In 1972, Congress also passed the Educational Amendments of 1972, mandating the end of any discrimination on account of gender in education.

24.     Commencing in 1964 and continuing thereafter, the President of the United States, the Equal Employment Opportunity Commission, the Civil Rights Commission and numerous other public officials recognized that it was not possible to assure equality and desegregation in education, employment and many other areas without the use of race and gender conscious measures that came to be known as affirmative action.

25.     In repeated decisions, the United States Supreme Court recognized that the Civil Rights Acts conferred on universities, governments and employers the right to take voluntary affirmative action measures to assure equality on account of race and gender, most recently in the United States Supreme Court June 2003 decision in *Grutter v Bollinger,* approving the affirmative action plan at the University of Michigan Law School.

26.     Proposal 2, which is a direct copy of California's Proposition 209, purports to eliminate what it calls race and gender preferences and what everyone else calls "affirmative action."

27.     As established by a decade of experience in California, the elimination of affirmative action plans means a drastic decline in the enrollment of black, Latino/a and Native American students at the flagship state universities and of women in many university programs.  The elimination of affirmative action plans has precipitated a decline in the employment of black, Latino/a, and Native American people at all levels of government employment and contracting.

28.     As established by a decade of experience in California, the adoption of Proposal 2 will make it impossible to implement the mandates of the Civil Rights Acts set forth above.

## COUNT ONE

## VIOLATION OF THE CIVIL RIGHTS ACTS

29.     The allegations of paragraphs one through 17 are repeated as if fully set forth herein.

30.     In depriving state educational and government institutions of the ability to assure equal educational and employment opportunity, Proposal 2 destroys the ability of the state institutions and governments to fulfill the purposes of the federal Civil Rights Acts set forth above.

31.     Proposal 2 is preempted by the Civil Rights Act of 1866, by Titles VI and VII of the Civil Rights Act of 1964, and by Title IX of the Educational Amendments of 1972.

WHEREFORE, the plaintiffs ask that this Court enter declaratory and injunctive relief declaring Proposal 2 preempted by the federal civil rights acts, enjoining the defendants from eliminating any affirmative action plans on account of Proposal 2, and granting such further relief as is just and equitable.

## COUNT TWO

### VIOLATION OF THE EQUAL PROTECTION CLAUSE

32.     The allegations of paragraphs one through 31 are repeated as if fully set forth herein.

33.     Proposal 2 unlawfully singles out race and gender alone as areas where the duly-elected public officials may not take steps to eliminate discrimination and assure equality.

34.     Furthermore, Proposal 2 unlawfully burdens women and minorities with amending the state constitution before they alone can petition duly-elected officials for redress of grievances, including a redress of grievances regarding the racial and sexual integration of public education and employment.

35.     In singling out race and gender for discriminatory treatment, Proposal 2 violates the Equal Protection Clause of the Fourteenth Amendment.

### COUNT THREE
### VIOLATION OF THE FIRST AMENDMENT

36.     The allegations of paragraphs one through 35 are repeated as if fully set forth herein.Under Grutter and its predecessors, public universities have a First Amendment right to determine their academic standards and to determine the criteria for admission to the university.

37.     In enacting an amendment that prevents the universities from exercising that First Amendment rights, Proposal 2 violates the rights of the plaintiffs as guaranteed by 42 USC 1983.

WHEREFORE, the plaintiffs ask for declaratory relief that Proposal 2 violates the First Amendment and injunctive relief restraining the defendant universities from changing their admission or other policies in an attempt to comply with Proposal 2.

WHEREFORE, the plaintiffs ask that this Court enter relief declaring that Proposal 2 violates the Equal Protection Clause of the Fourteenth Amendment, enjoining the defendants from eliminating any affirmative action plans on account of Proposal 2, and granting such further relief as is just and equitable.

By Plaintiffs' Attorneys,
SCHEFF & WASHINGTON, P.C.

BY:
George B. Washington (P-26201)
Shanta Driver (P-65007)
645 Griswold—Ste 1817
Detroit, Michigan 48226
(313) 963-1921
(313) 407-4865

November 8, 2006

COUNTY IN WHICH ACTION AROSE: _____Wayne_____

JS 44C
(Rev. 12/84)

**CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

COALITION TO DEFEND AFFIRMATIVE ACTION, INTEGRATION AND IMMIGRANT RIGHTS AND FIGHT FOR EQUALITY BY ANY MEANS NECESSARY (BAMN)

**DEFENDANTS**

JENNIFER GRANHOLM, REGENTS OF THE UNIVERSITY OF MICHIGAN, BOARD OF TRUSTEES OF MSU, BOARD OF GOVERNORS OF WAYNE STATE

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   Wayne
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   Wayne
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(C)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
George B. Washington, Shanta Driver
Scheff & Washington, P.C.
645 Griswold – Suite 1817,
Detroit, Michigan 48226      313-963-1921

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

Case: 2:06-cv-15024
Assigned To: Lawson, David M
Referral Judge: Whalen, R. Steven
Filed: 11-08-2006 At 04:18 PM
CMP COALITION TO DEFEND, ET AL V. G RANHOLM, ET AL (TAM)

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. UNLESS DIVERSITY)

This is an action under 42 USC 1983 for violation of Civil Rights Act of 1866, 1964 and 1972.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R & Truck | | ☐ 450 Commerce/ICC Rates/ etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 650 Airline Regs | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 660 Occupational Safety/Health | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organiza- tions |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | [ ] 625 Drug Related Seizure/Prop | ☐ 840 Trademark | ☐ 850 Securities/Commodities Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 863 DIWC (405(g)) | ☐ 894 Energy Allocation Act |
| | | | | ☐ 863 DIWW (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence 28 USC 2255 | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 Habeas Corpus | ☐ 791 Empl Ret Inc Security Act | ☐ 865 RSI (405(g)) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Accommodations | ☐ 540 Mandamus & Other | | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 550 Civil Rights | | ☐ 870 Taxes | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | [ ] 535 Habeas/Death | | ☐ 871 IRS Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**
Injunctive relief

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES  ☐ NO

**VIII. RELATED CASES(S) IF ANY**   Operation King's Dream v Connerly
JUDGE  Tarnow      DOCKET NUMBER  06-12773

DATE
November 8, 2006

SIGNATURE OF ATTORNEY OF RECORD
George B. Washington   *[signature]*

UNITED STATES DISTRICT COURT

## PURSUANT TO LOCAL COURT RULE 8 (b) (3) (i)

**(a)** IS THIS A CASE THAT HAS BEEN PREVIOUSLY DISCONTINUED OR
DISMISSED WITHOUT PREJUDICE OR REMANDED TO A STATE COURT?                    _____ YES ___**X No**__

**(b)** IF **YES** GIVE THE FOLLOWING INFORMATION:                          CASE NO: _____

    COURT _____                                               ASSIGNED JUDGE _____


## PURSUANT TO LOCAL COURT RULE 8 (b) (3) (ii)

**(a)** OTHER THAN STATED ABOVE, ARE THERE ANY PENDING OR PREVIOUSLY DIS-
CONTINUED OR DISMISSED COMPANION CASES (cases in which it appears sub-
stantially similar evidence will be offered at trial or the same or related parties are         _X_ YES _____ NO
present and the cases arise out of the same transaction or occurrence) IN THIS OR ANY
OTHER COURT, INCLUDING STATE COURT?

**(b)** IF **YES** GIVE THE FOLLOWING INFORMATION:                         CASE NO: _06-1277_

    COURT: _US District Eastern_                                           ASSIGNED JUDGE: _Tarnow_
    _District_