UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| COALITION TO DEFEND AFFIRMATIVE ACTION, *et al.*,<br><br>　　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　　v.<br><br>JENNIFER GRANHOLM, *et al.*,<br><br>　　　　　　　　　　　　　　Defendants. | Case No. 06-15024<br>Hon. David M. Lawson<br><br><br>CONSOLIDATED CASES<br><br><br><br>Case No. 06-15637<br>Hon. David M. Lawson |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF CANTRELL PLAINTIFFS'
MOTION TO COMPEL MCRIC'S COMPLIANCE WITH SUBPOENA**

　　　　The Cantrell Plaintiffs respectfully submit this reply memorandum in further support of their Motion to Compel Michigan Civil Rights Initiative Committee's ("MCRIC's") compliance with the document subpoena served on MCRIC.

　　　　Nothing in MCRIC's opposition ("Opp.") justifies its wholesale refusal to comply with the Cantrell Plaintiffs' document subpoena. The categories of documents sought are directly relevant to issues at the heart of this case, and are tailored to minimize burden. MCRIC's arguments to the contrary are baseless – and directly at odds with MCRIC's prior statements to this Court. Indeed, another district court has already compelled an MCRIC executive to provide discovery in this case (see infra at 5).

　　　　First, MCRIC argues that it should not have to produce documents because its "interest [in this case] is no greater than the general public's interest." (Opp. at 3.) That argument is irrelevant; a non-party does not have to have an "interest in the litigation" in order to be subject to non-party discovery. Fed. R. Civ. P. 45(d), advisory committee's note. Moreover,

it is flatly inconsistent with how MCRIC has consistently described itself throughout this litigation.  (See MCRIC's Mot. to Intervene, DeMasi Decl. Ex. C, at 3, 7 (describing itself as "hav[ing] interests in the subject matter of this litigation" because of its "pivotal role in the debate and eventual passage of Proposal 2"); accord MCRIC's Mot. for Leave to File Br. in Resp. to Mots. For Class Cert., DeMasi Decl. Ex. E, at 1-4 (describing its "interests" in the litigation in order to participate in class certification briefing).)  Having voluntarily injected itself into this case, MCRIC cannot now run from its "pivotal role."  See, e.g., Wical v. Intern. Paper Long-Term Disability Plan, 191 Fed. Appx. 360, 371 (6th Cir. 2006) ("'prohibiting parties from deliberately changing positions according to the exigencies of the moment'"); In re Commonwealth Institutional Sec., Inc., 394 F.3d 401, 407 (6th Cir. 2005) (criticizing the practice of "'playing fast and loose with the courts'").

      Second, MCRIC's claim that it "has no possible relevant evidence" (Opp. at 3) is wrong, and demonstrates a fundamental misunderstanding of the standard for relevance under Rule 26.  To be discoverable, it is not necessary that documents "'lead directly to a resolution of the issues circumscribed by the present pleadings.'" (Opp. at 3.)  Instead, under the "broad scope of discovery" of Rule 26, the documents sought need only "be reasonably likely to lead to the discovery of admissible evidence" so that the parties may "obtain the fullest possible knowledge of the issues and facts before trial."  Fed. R. Civ. P. 26; Marshall v. Bramer, 828 F. 2d 355, 359 (6th Cir. 1987).  To prove their Hunter/Seattle claim, the Cantrell Plaintiffs must show (1) that Proposal 2 has a "racial focus," i.e., that it singles out an issue of special interest to minorities, and (2) that Proposal 2 restructures the political process to the detriment of minorities.  See Washington v. Seattle School District No. 1, 458 US. 457, 474 and 475 n.17 (1982); Hunter v.

Erickson, 393 U.S. 385, 389 (1969). Each of the three categories of documents sought by the subpoena relates directly to those issues:

- Documents relating to Proposition 209, a ballot initiative passed in California that is nearly identical to Proposal 2, are plainly probative of the extent to which Proposal 2 will restructure the political process to the detriment of minorities. Indeed, that issue is addressed in the parties' proposed stipulated facts, and MCRIC's own amicus brief was devoted solely to this issue (See DeMasi Decl. Ex. E).[1]

- Documents relating to the campaign for Proposal 2 are directly relevant to how the political process has been restructured to the detriment of minorities. Indeed, Proposal 2 is the closest real-world example of the type of ballot initiative that a supporter of affirmative action – unlike anyone else – would have to pass in order to achieve the reinstitution of the policies unconstitutionally forbidden by Proposal 2. These documents are also directly relevant to show that the campaign for Proposal 2 had a "racial focus."

- Similarly, documents relating to the effect of Proposal 2 are relevant to show that the law singles out underrepresented minorities, to their detriment, for a "special burden."[2] Hunter, 393 U.S. at 391.

Third, MCRIC's objections on the grounds of burdensomeness, confidentiality and privilege do not prevent this discovery. As an initial matter, the Cantrell Plaintiffs repeatedly offered to discuss the requests in order to negotiate around these kinds of issues without the need for Court intervention. MCRIC refused. Moreover, many of MCRIC's objections make no sense; for example, with respect to documents reflecting "campaign

---

[1] MCRIC's view that the predictive value of Proposition 209 is "pure speculation" (Opp. at 9) does not change the fact that Proposition 209 already has been – and continues to be – a relevant issue in this litigation.

[2] MCRIC's assertion that "the intent of drafters and sponsors of an initiative is wholly irrelevant to proving or disproving any fact at issue in the underlying litigation" (Opp. at 4, 14) is flatly wrong. See Seattle School Dist. No. 1, 458 U.S. at 471 (examining the intent of an initiative's sponsors and concluding that "despite its facial neutrality there is little doubt that the initiative was effectively drawn for racial purposes"); Hunter, 471 U.S. at 229-30 (considering evidence of "intent").

strategies regarding Proposal 2," MCRIC argues both that such documents "constitute confidential research" and that they "are, most likely, a matter of public record." (Opp. at 4.) In any event, these objections are disingenuous given that MCRIC concedes that many of its documents are not publicly available, and that any "confidentiality" concerns could be easily allayed by having the documents produced pursuant to the protective order recently submitted to the Court.[3]

For all of these reasons, another district court has already held that MCRIC should be compelled to provide discovery in the consolidated companion case brought by the Coalition Plaintiffs. Those plaintiffs served a subpoena on MCRIC's Executive Director, Jennifer Gratz, and on a director of the American Civil Rights Foundation, Ward Connerly, in the Eastern District of California, for a deposition and for certain documents relating to Proposition 209 and the campaign for Proposal 2. Ms. Gratz and Mr. Connerly, represented by MCRIC's counsel here, refused to comply and asserted many of the same objections. The district court nevertheless compelled Ms. Gratz and Mr. Connerly to testify and produce documents,[4] recognizing the broad language of Rule 26 and the obvious relevance of that discovery to the issues in these consolidated cases. This Court should do the same here.

---

[3] Moreover, the Cantrell Plaintiffs have never sought to strip MCRIC of its ability to withhold or redact documents on a good-faith claim of privilege. (See Notice of Sub., DeMasi Decl. Ex. A at 3-4.) But that right does not relieve MCRIC of its obligations to fully comply with the subpoena and to provide a log describing any withheld documents so that the Cantrell Plaintiffs may evaluate the assertion of privilege. See Fed. R. Civ. P. Rule 45(d)(2)(A).

[4] Although the Cantrell Plaintiffs have yet to receive a copy of the documents produced by Ms. Gratz and Mr. Connerly, we are informed by counsel for the Coalition Plaintiffs that approximately 20-25 boxes of documents were made available for inspection. Many of those documents are no doubt also responsive to the Cantrell Plaintiffs' subpoena. Moveover, the fact that they are readily available eliminates any argument that producing such documents would be burdensome.

<u>Conclusion</u>

For the foregoing reasons, the Cantrell Plaintiffs respectfully request that the Court grant the motion to compel MCRIC's compliance with the subpoena issued on June 26, 2007.

Dated:  September 14, 2007

Respectfully submitted,

| | |
|---|---|
| /s Karin A. DeMasi | s/ with consent of Mark D. Rosenbaum |
| KARIN A. DEMASI | MARK D. ROSENBAUM |
| Cravath, Swaine & Moore LLP | ACLU Foundation of Southern California |
| Worldwide Plaza | 1616 Beverly Boulevard |
| 825 Eighth Avenue | Los Angeles, California 90026 |
| New York, NY 10019 | (213) 977-9500 |
| (212) 474-1000 | mrosenbaum@aclu-sc.org |
| kdemasi@cravath.com | |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| COALITION TO DEFEND AFFIRMATIVE ACTION, et al.,<br><br>　　　　　　　　　　　　　Plaintiffs,<br><br>　　　　　vs.<br><br>JENNIFER GRANHOLM, et al.,<br><br>　　　　　　　　　　　　　Defendants. | Case 06-15024<br>Hon. David M. Lawson<br><br><br>**CONSOLIDATED CASES**<br><br>CERTIFICATE OF SERVICE<br><br><br><br>Case 06-15637<br>Hon. David M. Lawson |

　　　　KARIN A. DeMASI hereby certifies the following under the penalty of perjury:

　　　　On the 14th day of September, 2007, I filed the foregoing document electronically and it is available for viewing and downloading from the ECF system.  Service was accomplished by means of Notice of Electronic Filing upon

Sharon L. Browne
   slb@pacificlegal.org,bas@pacificlegal.org

Erwin S. Chemerinsky
   chemerinsky@law.duke.edu

Charles J. Cooper
   ccooper@cooperkirk.com

Karin A. DeMasi
   kdemasi@cravath.com,jrichman@cravath.com,kmach@cravath.com

Mark P. Fancher
   mfancher@aclumich.org

Alan W. Foutz
   awf@pacificlegal.org,IncomingLit@pacificlegal.org,bas@pacificlegal.org

Melvin J. Hollowell , Jr
   mbh@allenbrotherspllc.com

Sheldon H. Klein
   klein@butzel.com

James E. Long
   longj@michigan.gov,ThelenN@michigan.gov

Heather S. Meingast
   meingasth@michigan.gov

Laurie J. Michelson
   michelso@butzel.com,vancleve@butzel.com

Kerry L. Morgan
   kmorganesq@aol.com

Kary L. Moss
   kmoss@aclumich.org

Brian O. Neill
   neillb@michigan.gov,pawlusc@michigan.gov

Margaret A. Nelson
   nelsonma@michigan.gov,toddwl@michigan.gov,richardsd@michigan.gov

    Leonard M. Niehoff
       niehoff@butzel.com

    Joseph E. Potchen
       potchenj@michigan.gov,vanbeelenl@michigan.gov,robisonr@michigan.gov

    Michael E. Rosman
       rosman@cir-usa.org,kokolis@cir-usa.org

    Dean J. Sauer
       rosman@cir-usa.org, kokolis@cir-usa.org

    Brent E. Simmons
       simmonbr@cooley.edu

    Brigham C. Smith
       Bsmith@ci.lansing.mi.us,spodlesk@ci.lansing.mi.us

    Michael J. Steinberg
       msteinberg@aclumich.org,bbove@aclumich.org

    Reginald M. Turner , Jr
       rturner@clarkhill.com

    George B. Washington
       scheff@ameritech.net

    Jerome R. Watson
       watson@millercanfield.com,leidner@millercanfield.com

and upon

    Alan W. Foutz
    PACIFIC LEGAL FOUNDATION
    3900 Lennane Drive
    Suite 200
    Sacramento, CA 95834

by delivering a true copy of the aforementioned document to a courier of Federal Express, an overnight delivery service, for delivery the next business day to wit: Monday, September 17, 2007.

       Dated at New York, New York, this 14th day of September, 2007.

                                    s/ Karin A. DeMasi
                                    Karin A. DeMasi