UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| COALITION TO DEFEND AFFIRMATIVE ACTION, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>JENNIFER GRANHOLM, et al.,<br><br>    Defendants,<br><br>and<br><br>CHASE CANTRELL, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>JENNIFER GRANHOLM and MICHAEL A. COX,<br><br>    Defendants. | Case No. 2:06-cv-15024<br>Honorable David M. Lawson<br><br>Consolidated Cases:<br>Case No. 2:06-cv-15637<br>Honorable David M. Lawson |

**BRIEF AMICUS CURIAE OF MICHIGAN CIVIL RIGHTS INITIATIVE
COMMITTEE AND AMERICAN CIVIL RIGHTS FOUNDATION
IN SUPPORT OF MOTIONS TO DISMISS AND/OR FOR SUMMARY
JUDGMENT FILED BY DEFENDANT-INTERVENORS ATTORNEY
GENERAL MICHAEL A. COX AND ERIC RUSSELL AND IN OPPOSITION
TO THE CANTRELL PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

SHARON L. BROWNE, Cal. Bar No. 119246 (Pending*)
ALAN W. FOUTZ, Cal. Bar No. 155145
  Pacific Legal Foundation
  3900 Lennane Drive, Suite 200
  Sacramento, California 95834
  Telephone: (916) 419-7111
  Facsimile: (916) 419-7747
  E-Mail: awf@pacificlegal.org

Attorneys for Proposed Defendant-Intervenors
Michigan Civil Rights Initiative Committee and
American Civil Rights Foundation
*Pending member of the bar of this Court

- i -

## CONCISE STATEMENT OF ISSUES PRESENTED

1.  Should this Court dismiss this action or grant summary judgment for Defendant-Intervenors Attorney General Michael Cox and Eric Russell because Plaintiffs have not and cannot establish that Article I, section 26, of the Michigan Constitution violates the United States Constitution?

2.  Should this Court dismiss this action or grant summary judgment for Defendant-Intervenors Attorney General Michael Cox or Eric Russell because neither Title VI of the Civil Rights Act of 1964, nor Title IX of the Educational Amendments of 1991, operates to preempt Article I, section 26, of the Michigan Constitution?

# TABLE OF CONTENTS

**Page**

CONCISE STATEMENT OF ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

CONTROLLING OR MOST APPROPRIATE AUTHORITY . . . . . . . . . . . . . . . . . . . . . . . . . . iv

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

  I.   PROPOSAL 2 WAS ADOPTED WITHOUT
DISCRIMINATORY INTENT AND THEREFORE DOES
NOT VIOLATE THE FEDERAL EQUAL PROTECTION CLAUSE . . . . . . . . . . . . . . . 1

 II.   EDUCATIONAL ACHIEVEMENTS OF MINORITY
STUDENTS IN CALIFORNIA'S HIGHER EDUCATION
SYSTEM HAVE INCREASED SINCE PROPOSITION 209 WAS ADOPTED . . . . . . . . 2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**Page**

### Cases

*Boger v. Wayne County*, 950 F.2d 316 (6th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*City of Cuyahoga Falls, Ohio v. Buckeye Cmty. Hope Found.*, 538 U.S. 188 (2003) . . . . . . . . . . 1

*Jones v. Union County, Tenn.*, 296 F.3d 417 (6th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Lee v. City of L.A.*, 250 F.3d 668 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1977) . . . . . . . . . . . . . . . . 1

*Washington v. Davis*, 426 U.S. 229 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

### United States Constitution

U.S. Const. amend. XIV . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

### Rules of Court

Fed. R. Evid. 201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252 (1977).

*Washington v. Davis*, 426 U.S. 229 (1976).

*City of Cuyahoga Falls, Ohio v. Buckeye Cmty. Hope Found.*, 538 U.S. 188 (2003).

ARGUMENT

I

## PROPOSAL 2 WAS ADOPTED WITHOUT DISCRIMINATORY INTENT AND THEREFORE DOES NOT VIOLATE THE FEDERAL EQUAL PROTECTION CLAUSE

To state a viable Equal Protection claim of racial discrimination, Plaintiffs must establish their membership in a protected class and that they were intentionally and purposefully discriminated against because of their membership in that protected class. *Jones v. Union County, Tenn.*, 296 F.3d 417, 426 (6th Cir. 2002); *Boger v. Wayne County*, 950 F.2d 316, 325 (6th Cir. 1991); *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir. 2001). Indeed, there are few principles of constitutional law that are as well established as the notion that the Equal Protection Clause of the Fourteenth Amendment prohibits only intentional discrimination. *See City of Cuyahoga Falls, Ohio v. Buckeye Cmty. Hope Found.*, 538 U.S. 188, 194 (2003); *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977); *Washington v. Davis*, 426 U.S. 229, 239 (1976).

Plaintiffs took the deposition of Ward Connerly (Connerly) on October 24, 2007, in order to obtain evidence from one of Proposal 2's primary drafters and supporters that the initiative was adopted with an intentionally discriminatory purpose in violation of the Equal Protection Clause. Connerly worked closely with Jennifer Gratz, executive director of the Michigan Civil Rights Initiative Committee (MCRIC), in getting Proposal 2 qualified for the November 7, 2006, ballot, and adopted by Michigan voters.

Attached hereto as Exhibit A are excerpts from Connerly's deposition, which show in stark and irrefutable terms that the motive behind Proposal 2 was nothing more than the principle of equality. According to Connerly: Race preferences "paper over" the problem of lower black and Latino academic performance (Ex. A at 120:2-14); black and Latino students who were not

- 1 -

performing well would not improve as long as the problem is "patched" by preferences (Ex. A at 120:15-121:6); it is not appropriate public policy for the government to use skin color (Ex. A at 123:20-125:6); inequalities in living standards should be addressed by the government without regard to race (Ex. A at 125:3-126:5); Connerly didn't know anyone associated with Proposal 2 who was racist (Ex. A at 126:18-25 and 127:3-9); Connerly had an "abiding faith that black people can also be convinced that treating anyone differently because of race and skin color is wrong" (Ex. A at 129:4-14); although he thought the number of black students admitted to the University of Michigan would be lower, Connerly "also thought, however, that in the fullness of time it would help" (Ex. A at 134:19-135:2); Connerly simply wanted the same admissions standards to apply to everyone (Ex. A at 155:8-23); Connerly said that he was "not trying to make it a color-blind society, I just want our government to be color-blind" (Ex. A at 155:24-156:2).

With the purpose behind Proposal 2 firmly established as promoting the concept of equality, Plaintiffs' claim that Proposal 2 violates conventional Equal Protection principles fails.

**II**

**EDUCATIONAL ACHIEVEMENTS OF MINORITY STUDENTS IN CALIFORNIA'S HIGHER EDUCATION SYSTEM HAVE INCREASED SINCE PROPOSITION 209 WAS ADOPTED**

Without any evidence that Proposal 2 was adopted with discriminatory intent, Plaintiffs are left to argue that Proposal 2 imposes an impermissible burden on minorities who would utilize the political process to obtain preferential admissions criteria based upon race. Plaintiffs claim that this burden arises from the negative impact Proposal 2 will purportedly have on the educational opportunities of minority students in Michigan. Without providing a basis for extrapolating data from California and imposing it upon Michigan, Plaintiffs have pointed to short-term admissions data from select campuses within the University of California system following passage of

Proposition 209 as an indicator of how Proposal 2 will affect students in Michigan. However, as shown below, California's minority students have not suffered the devastating and permanent declines in educational opportunity and achievement that Plaintiffs claim.

Attached hereto as Exhibit B is a table of data that reflects the Distribution of New California Freshmen Admit Offers to the University of California from 1997 through 2006.[1] This data shows that university-wide, the percentage of underrepresented minorities to whom admission was offered as freshmen is higher in 2006 than in 1997. It was also higher in 2006 than in 1997 on five of the eight UC campuses that had data for those years. Plaintiffs' claims that under Proposition 209 minorities have suffered devastating decreases in admissions from which they have yet to recover are not supported by the admissions data.

Attached hereto as Exhibit C is a report prepared by the University of California's Eligibility and Admissions Study Group.[2] According to this report (at Fig. 3), the difference between the percentage of minorities graduating from high school and the percentage of minorities as new UC freshmen was increasing between 1995 and 1998. However, between 1999 and 2003, the difference, while still considerable, stopped increasing. Also, since the implementation of Proposition 209, differences in the admission rates of similar students of different races and ethnicities have been reduced dramatically. *See id.* at 3.

Attached hereto as Exhibit D is the report for the California State University system showing that while the percentage of African American undergraduate students declined slightly from 1997

---

[1] Amici respectfully request that the Court take judicial notice of this report pursuant to Federal Rule of Evidence 201. This data has already been supplied to this Court by the BAMN Plaintiffs on or about February 22, 2007, as an Exhibit to Paragraph 149 of their Proposed Stipulation of Facts.

[2] Amici respectfully request that the Court take judicial notice of this report pursuant to Federal Rule of Evidence 201. *Available at* http://www.universityofcalifornia.edu/news/compreview/0308_ meeting/Data_release_ summary_FINAL_Mar_8_20041_with_data.pdf (last visited Jan. 7, 2008).

to 2006, the percentage of African American graduate students increased over the same period. Also, the percentage of Mexican American undergraduate and graduate students has increased from 1997 to 2006.

The UC Berkeley campus, cited by Plaintiffs most often as the campus where Proposition 209 has perpetrated the most harm on minority students, provides detailed data on the graduation rates of its students. Such data can be found attached hereto as Exhibit E for students entering in the Fall of 2000, and as Exhibit F for earlier years.[3] This data shows that the six-year graduation rates for Hispanic and African Americans who entered Berkeley in 2000 was higher than the six-year graduation rate for those who entered in 1996, and whose college preparation was undertaken before Proposition 209 was adopted.

Likewise, Exhibits G and H show that within the California State University system, the 6-year graduation rate for African American and Hispanic students entering California State University in 1999 was higher than for those who entered before Proposition 209.[4]

## CONCLUSION

Proposal 2 was not adopted with discriminatory intent, nor can any such intent be inferred from data regarding admissions and graduation rates throughout the University of California and

---

[3] Data for Fall 2000 is on the University of California, Berkeley, Office of Student Research website, *available at* https://osr2.berkeley.edu/Public/STUDENT.DATA/current_grad_rate.html (last visited Jan. 7, 2008). Amici respectfully request that the Court take judicial notice of this report pursuant to Federal Rule of Evidence 201. Data for enrollment by ethnicity for years 1983-2000 is on the University of California, Berkeley, Office of Student Research website, *available at* https://osr2.berkeley.edu/cgi-bin/Access/DB/Programs/handlesql2.pl (last visited Jan. 7, 2008). Amici respectfully request that the Court take judicial notice of this report pursuant to Federal Rule of Evidence 201.

[4] *Available at* http://www.asd.calstate.edu/csrde/ftf/2001htm/sys.htm (Exhibit G) and http://www.asd.calstate.edu/csrde/ftf/2005htm/sys.htm (Exhibit H) (both last visited on Jan. 7, 2008). Amici respectfully request that the Court take judicial notice of this report pursuant to Federal Rule of Evidence 201.

California State University systems. For these reasons, the Court should deny Plaintiffs' Motion for Summary Judgment and grant the Motion to Dismiss and/or Motion for Summary Judgment filed by Defendant-Intervenors.

DATED: January 18, 2008.

>Respectfully submitted,
>
>SHARON L. BROWNE
>ALAN W. FOUTZ
>
>
>By         s/Alan W. Foutz
>          ALAN W. FOUTZ
>
>Pacific Legal Foundation
>3900 Lennane Drive, Suite 200
>Sacramento, CA 95834
>(916) 419-7111
>awf@pacificlegal.org
>Cal. Bar No. 155145
>
>Attorneys for Proposed Defendant-Intervenors
>Michigan Civil Rights Initiative Committee and
>American Civil Rights Foundation

**CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

| | | |
|---|---|---|
| Erwin S. Chemerinsky | Charles J. Cooper | Karin A. DeMasi |
| Mark P. Fancher | Robin Luce Herrmann | Melvin J. Hollowell, Jr. |
| Sheldon H. Klein | James E. Long | Heather S. Meingast |
| Laurie J. Michelson | Kerry L. Morgan | Kary L. Moss |
| Brian O. Neill | Margaret A. Nelson | Leonard M. Niehoff |
| Joseph E. Potchen | Michael E. Rosman | Dean J. Sauer |
| Brent E. Simmons | Brigham C. Smith | Michael J. Steinberg |
| Reginald M. Turner, Jr. | George B. Washington | Jerome R. Watson |
| William F. Young | | |

and hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:

| | | |
|---|---|---|
| Shanta Driver | Theodore M. Shaw | Laurence H. Tribe |
| Scheff & Washington | NAACP Legal Defense | 1575 Massachusetts Avenue |
| 645 Griswold, Suite 1817 | and Educational Fund | Cambridge, MA  02138 |
| Detroit, MI  48226-4113 | 99 Hudson Street, Suite 1600 | |
| | New York, NY  10013-2897 | |

      DATED:  January 18, 2008.

                        Respectfully submitted,
                        SHARON L. BROWNE
                        ALAN W. FOUTZ

                        By _____s/Alan W. Foutz_____
                              ALAN W. FOUTZ

                        Pacific Legal Foundation
                        3900 Lennane Drive, Suite 200
                        Sacramento, CA  95834
                        (916) 419-7111
                        awf@pacificlegal.org
                        Cal. Bar No. 155145

                        Attorneys for Proposed Defendant-Intervenors
                        Michigan Civil Rights Initiative Committee and
                        American Civil Rights Foundation